Judge Marshall
delivered the Opinion of the Court.
Jane Hill, as the widow of Jesse Hill, brought this suit in Chancery against Wall and Burnsides, to obtain an assignment of her dower in one acre of land at the Quintico warehouse, of which she alleges that her husband was seized during the coverture, but sold it, without her having relinquished her dower; and that Wall now has the possession, and Burnsides claims the title. She exhibits a deed purporting to convey the land to her husband, and it is proved and admitted that he was in possesion during the coverture, and aliened it. The defendants, however, say they cannot state whether he had such title as would entitle his widow to dower, and *173 call for an exhibition, of title from the Commonwealth to him. They allege that they, and those under whom they claim, have made valuable improvements &c. on the land, since Hill held or possessed or owned it; and they suggest that, if the complainant is entitled to dower at all, it is only to the extent of one third of the value of the lot and improvements at the time of her husband’s alienation.
Decree,
Allegations — in _that compl’t was the wife of one who was seiz’d ofthe land; his death; his a-Henation of the land during the coverture, and of possession, with claim of title, by the defendant,are prima fade sufficient to entitle the compl’t to a decree. It is not indispensable that her bill should negative every fact, which may possibly exist, and be incon sistent with her claim.
An express allegation that def’t obtained & held the land under deft’stitle,would be sufficient as to title and jurisdic-?’on-, ?°> als0’ elusion from the allp™r where comp’t is alTthiTfact^the answer aids the J1
The Circuit Court decreed that the complainant was entitled to dower in the premises, and appointed commissioners with directions as to the mode of laying it off &c. For the reversal of that decree, Wall and Burnsides prosecute a writ of error.
It is'now contended that neither the bill, nor the whole record, snows such a case as authorized the Chancellor to decree dower to the complainant. But although the bill is not as particular in its statement of the husband’s title, and of its transmission to the defendants as it might and in strictness perhaps ought to have been: yet it alleges distinctly the relation of husband and wife, the death of the husband, his seizin and alienation during the coverture, and the possession of the land, with claim of title, by the defendants. These allegations certainly show the substantial requisites for the establishment of the right. And although it be admitted, that they may all be true, and yet that other facts may exist which show that there is no right of dower, we apprehend that, as the allegations of the bill are sufficient, prima facie, to support the title, it was not necessary for the complainant in the first instance to negative all or any facts by which it might possibly be avoided.
If the bill had expressly alleged that the defendants , , , , ° , i,, ,, had obtained and held the land under the husband’s title, and by virtue of his alienation, there would have been no ground for questioning its sufficiency, to support either the right of dower claimed, or'the jurisdiction of the court of equity to ascertain and enforce it. But this fact, though not alleged in terms, is fairly infer-rible from the facts alleged in the bill, and is to be implied from the whole tenor of the answer; which not *174 only makes no suggestion of any independent or adverse title in the defendants or any one else, but by referring to the' condition of the land at the time of the husband’s alienation of it, as the criterion for determining the extent of the complainant’s right, if it exists at all, and by questioning her right, not on the ground that Iiill never owned the land, but that his title may not have been of that kind or quality which would entitle his widow to dower, seems to put the defendants in the condition of claimants under Hill; and leaves no room for reasonable doubt that they held the land under the sale by Hill, who as they admit once held, possessed, or owned it. And as this is a case in which the complainant may not be required fully to understand the circumstances of the title, we think the bill, which was not demurred to, should have all the aid which can be fairly derived from the answer.
The production of a deed conveying the legal title to the husband; proof that he was in posses sion of the land, and aliened it du ring the covert-ure, and that defendant claims & holds it, are suffi cient — in the absence of evidence that he holds or claims under an adverse title, or any other fact inconsistent with the right of the widow — to support her claim to dower againstthe husband’s alien-ee. She is not bound to show a regular paper title.-
Taking the bill and answer together, we understand but one question to be made touching the existence oí the complainant’s right to dower in the land referred to, and that is, whether the husband’s title was such as that, notwithstanding his alienation, his widow was entitled to dower in it. The bill alleges seizin, and exhibits a deed. The answer alleges ignorance whether the title was such as to give dower, and calls for a full exhibition of it. The proof is a deed purporting to convey the legal title to the husband, and the actual possession and sale of the land by him during the cover-ture; which is prima facie evidence that he then had a legal title, and there being no proof whatever to the contrary, it must be deemed sufficient to prove such a legal seizin as gave his wife a right to dower in the land, against her husband’s alienee, notwithstanding his alienation. The witnesses say the land has been held under the same title for forty years, and that, within that period, Hill lived upon and owned it; and there *175 being no intimation of any ouster, eviction or adverse title by which the defendants have come in, the necessary presumption is, that they hold and own the land under the same title by which Hill held and owned it, and therefore by derivation from him. The complainant was not bound to show regular paper title. There is, therefore, in our opinion, no error in so much of the decree as establishes the complainant’s right to dower in the one acre of land described in the bill, and it is, therefore, to that extent affirmed.
A widow,claiming dower inland which her hus^'ic’h im-Pr°vementshave been made since his alienation, is entitled — not to a third in value mented bythosf mCnt; TuNtoa' in . va,ue without including them in the estimate,
The decree in other respects being merely interlocu- , , i , r - .... tory, does not come properly betore us tor revision at this time, and need not be specially stated. We will, however, remark, in answer to suggestions made, that ’ ° in . . a case where valuable improvements have been made on the land by the alienees of the husband, the dowress is entitled only to so much of the land in its present condition as is equal to one third of its value, estimated according to the prevailing doctrines of this Court, as if the improvements upon it, at the time of its aliena, . ... . . , ... . T . tion, were still upon it m such condition as the lapse oí time, with reasonable use and repair, would have left them, and as if no additional improvements had been put upon it since the alienation. The facts necessary for mating such an estimate and division, if not ascertainable from the general evidence in the cause, may be proved before commissioners, who should report the evidence to the Court, and who may be authorized, in the first instance, to act upon their own judgment on the facts — subject to the supervision and ultimate decision of the Court.