CHANCERY.

*Case 67.*

## Garton's Heirs *vs* Bates.

APPEAL FROM THE MARION CIRCUIT.

*Dower.    Rents.    Practice in Chancery.*

*April 6.*

JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

THIS bill was filed by Judatha Bates, to have her dower in one hundred and fifty-six acres of land, which her deceased husband, Mathew Bates, had sold during the coverture, and to which the defendants derive their title and possession from him. The bill does not set forth his title, nor alledge that he was seized in fee, but "that he was possessed of the land (during the coverture,) in his own right and by bond." The defendants do not deny that they derive title and possession from him, but say he had not such title as entitled his wife to dower, and require proof or exhibition of such title, and suggests that if she ever had any right of dower, she relinquished it by the deed conveying the land on the sale made by her husband, which deed they say is lost, without having been recorded. A deed made and recorded in 1807, conveying the land to Bates, was produced in evidence, though not referred to in the pleadings; and it was proved that he had been in possession from that time, claiming the land

as his own, until he sold it to Garton in 1824—since which it has been held in like manner and without disturbance, by Garton and his vendees.

There can be no doubt that these facts are sufficient to establish such title in the husband as would give the right of dower to the wife: *Wall, &c.* vs *Hill,* (7 *Dana,* 172.) But it is objected that although the proof be sufficient the allegations of the bill are not so, and the right cannot be established on the proof without allegations. But as was said in *Wall, &c.* vs *Hill, supra,* "this is a case in which the complainant may not be required to understand the circumstances of the title," and in which the bill, not being demurred to, may be aided by the answer. The sufficiency of the bill depends upon the construction of the allegation that the husband possessed the land in his own right and by bond. And were it conceded that upon demurrer, this allegation should be understood as asserting a title by bond only, that is, an equitable title, the subsequent sale of which, during the coverture, would defeat the right of dower, still as the defendants did not question the sufficiency of the allegation, but seeming to understand it as an allegation of legal title, put that fact expressly in issue and called for proof. We are of opinion that the bill should be more favorably construed than it would perhaps be, upon demurrer, (when it might have been amended,) and that, as the fact, imperfectly alledged, was expressly put in issue by denial and requisition of proof, the complainant is entitled to the benefit of her proof, made under that requisition. The bill should have alledged that the husband was seized in fee. But the allegation that he was possessed, in his own right, may be understood in a sense entirely equivalent, and the additional words "and by bond," may be understood not as qualifying the right already alledged, but as indicating an additional one, which, though entirely superfluous, should not destroy that which was already sufficient.

We have little difficulty, therefore, in coming to the conclusion, that upon the pleadings and proof, the complainant has a right to be endowed, unless she has relinquished her right.

---

*Margin notes:*

GARTON'S H'RS. *vs* BATES.

In a bill for dower, the widow is not presumed to know the precise nature of the husband's title, and defective allegations in regard thereto may be aided by the answer.

A bill for dower should alledge a seizin in fee by the husband.

GARTON'S H'RS.
     *vs*
   BATES.

The defendants have attempted to prove, by parol, that the relinquishment of the complainant's right of dower was taken and certified by two Justices of the Peace, upon a deed by which her husband conveyed the land to Garton, in 1824. But although we are of opinion that the evidence fairly authorizes the deduction that the husband did, in fact, execute a deed conveying his title to Garton, which deed has never been recorded, and is not now found in the Clerk's office, though it probably has been there, yet it by no means satisfactorily appears even that the deed is not now in existence, or has been lost. The necessary presumption, from the proof, is that it was never sufficiently authenticated, even as to the husband, to authorize its being recorded. It is not absolutely certain whether there was ever even an attempt to take and certify the wife's relinquishment of dower; and if we should believe that such attempt had been made, still there is no sufficient proof that the relinquishment was either taken or certified in such a manner as would have been available if the deed and certificate had been recorded. There was no commission to the Justices. The witnesses who speak of the relinquishment, do not say that the deed was, in fact, subscribed by the husband and wife in presence of the Justices, or that the certificate so stated. The fact that the deed was not recorded for want of sufficient proof or acknowledgment, goes to disprove the existence of any such certificate. One of the Justices referred to as having concurred in taking the relinquishment, denies positively that he did so, and the general statement of the other, that the relinquishment and certificate were according to law, without any statement of the specific act done or certified, cannot be sufficient, as mere parol evidence, to establish the conformity of the acts done with the law.

Without, therefore, deciding whether it would or would not be possible, in any case, to establish a relinquishment of dower on parol proof of the certificate of Justices, which had never been recorded, we are satisfied that the proof in this case, is entirely insufficient, and that the Court properly decreed that the complainant was entitled to her dower in the land in question. But as

Would it be possible, in any case, to prove a relinquishment of dower by parol, to have been made in writing?
*Quere.*

Mathew Bates appears to have aliened the land by deed during the coverture, the dowress is not entitled to rents, even from the commencement of the suit: *Kendall* vs *Honey,* (5 *Monroe,* 282;) *Marshall* vs *Anderson,* (1 *B. Monroe,* 198.) The decree on this branch of the case not being final, does not, however, come before us for revision, and the same remark applies to so much of the decree as directs the mode of assigning the dower.

Wherefore, the decree, so far as it establishes the right of dower in the complainant, is affirmed.

*Shuck* for appellants: *Hill* for defendant.

When husband aliens during coverture, widow is not entitled to rents even from the commencement of suit.